**IN THE  UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME BROWN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No.** |
| | ) | |
| EMCO CHEMICAL DISTRIBUTORS, INC., | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Jerome Brown, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Section 1981, 42 U.S.C. § 1981 ("Section 1981"); the Americans With Disabilities Act , 42 U.S.C. § 12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), complains of his former employer EMCO Chemical Distributors, Inc., for illegally discriminating against him by exposing him to a hostile environment because: a) of his race, color, and age; b) management falsely perceived that he suffered from a disability; and c) he took a protected leave of absence to have surgery, and by firing him for taking a protected leave and for complaining about race discrimination.

### Jurisdiction and Venue

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343(a)(4) (civil rights); 42 U.S.C. § 1981(a) (damages, intentional discrimination in employment); 42 U.S.C. § 2000e-5(f)(3) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(b) (ADEA); and 29 U.S.C. 2617(a)(2) (FMLA).

2. Venue in this district is appropriate pursuant to 28 U.S.C. § 1291(b)(1), (2) (venue generally); 42 U.S.C. § 1981(a) (damages, intentional discrimination in employment); 42 U.S.C. § 2000e-5(f)(3) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(b) (ADEA); and 29 U.S.C. 2617(a)(2) (FMLA).

## Parties

3. Plaintiff Jerome Brown is a former employee of defendant Emco Chemical Distributors, Inc.

4. Defendant Emco is an Illinois corporation doing business in North Chicago and Pleasant Prairie, Kenosha County, Wisconsin, among other locations.

## Procedural Prerequisites

5. Brown filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission on August 12, 2024. A copy of his charge is attached as Exhibit 1.

6. The EEOC issued a Notice of Right to Sue to Brown on February 19, 2025. Exhibit 2.

### Brown Is Scheduled For Surgery And  His Manager Harasses Him

7. Emco gathers, mixes, stores, and distributes chemical products to businesses in several different industries, as well as providing packaging, labeling, environmental and other commercial services. It is one of the largest chemical distribution companies in the U.S., enjoying at least $400 million in annual sales and employing more than 400 individuals.

8. Brown was employed by defendant Emco Chemical Distributors as a Wastewater Technician in its North Chicago, Lake County, Illinois facility, from April 2021 until October 24, 2023. Brown is a Black, African American man, and in October 2023 he was 65 years old.

2

9. Brown was scheduled for surgery to remove a cancerous prostate on May 29, 2023.

10. After Brown disclosed he had cancer and needed surgery, his manager, Alex, discouraged him from returning to employment after his anticipated period of recovery because of Brown's age and because Alex believed that Brown would not be able to climb on and off a forklift, a function of his job.

11. Brown took an approved medical leave of absence for his surgery.

12. A week after Brown's surgery, Alex told him by phone that Brown needed to return to work, or Alex would replace him.

13. Brown returned early from his medical leave in order to protect his job.

**Emco's Manager Hurls Racial Slurs At Brown; Brown Complains And Emco Fires Him**

14. Alex made ageist and racist remarks to Brown before and after his surgery.

15. On at least three or four occasions Alex told Brown: "get your Black ass over here" and made comments such as "you people …."

16. At first, Brown believed that Alex was simply making unprofessional, insensitive comments or jokes, but when his discriminatory behavior towards Brown continued, Brown became more offended, and complained directly to his immediate superior, Robert O'Brien, about the way Alex was treating him..

17. O'Brien told Brown that they would have a meeting to address his concerns, but instead, once the meeting was held its purpose was to give Brown more work.

18. In approximately early October 2023 Brown complained about the racial remarks Alex directed at him.

19.     A meeting was then scheduled for Brown, Emco's Director of Safety and Health, and another manager, but instead, Emco fired Brown before the meeting could take place.

**Count 1 – Title VII – Race/Color**
**Hostile Environment**

Paragraphs 1 through 19 are incorporated by reference.

20.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

21.     Title VII prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 2000e-2(a)(1).

22.     Emco discriminated against Brown because of his race and his color by exposing him to a hostile environment at work.

23.     Emco's discrimination against Brown because of his race and color violated Title VII.

24.     As the direct result of Emco's violation of Title VII, Brown suffered severe pain and suffering, humiliation and emotional distress.

**Count 2 – Title VII – Race/Color**
**Termination**

Paragraphs 1 through 19 are incorporated by reference.

25.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

26.     Title VII prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 2000e-2(a)(1).

27.     Emco discriminated against Brown because of his race and his color by terminating his employment.

4

28. Emco's discrimination against Brown because of his race and color violated Title VII.

29. As the direct result of Emco's violation of Title VII, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

**Count 3 – Title VII – Retaliation**
**Termination**

Paragraphs 1 through 19 are incorporated by reference.

30. Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

31. Title VII prohibits an employer from retaliating against an employee because the employee complained about illegal discrimination. 42 U.S.C. § 2000e-2(a)(1).

32. Emco retaliated against Brown because he complained about Alex's illegal discrimination by terminating his employment.

33. Emco's retaliation against Brown violated Title VII.

34. As the direct result of Emco's violation of Title VII, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

**Count 4 – Section 1981 – Race/Color**
**Hostile Environment**

Paragraphs 1 through 19 are incorporated by reference.

35. Section 1981 prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 1981.

36. Emco discriminated against Brown because of his race and his color by exposing him to a hostile environment at work.

37.     Emco's discrimination against Brown because of his race and color violated Section 1981.

38.     As the direct result of Emco's violation of Section 1981, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 5 – Section 1981 – Race/Color
### Termination

Paragraphs 1 through 19 are incorporated by reference.

39.     Section 1981 prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 1981.

40.     Emco discriminated against Brown because of his race and his color by terminating his employment.

41.     Emco's discrimination against Brown because of his race and color violated Section 1981.

42.     As the direct result of Emco's violation of Section 1981, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 6 – Section 1981 – Retaliation
### Termination

Paragraphs 1 through 19 are incorporated by reference.

43.     Section 1981 prohibits an employer from retaliating against an employee because the employee complained about illegal discrimination. 42 U.S.C. § 1981.

44.     Emco retaliated against Brown because he complained about Alex's illegal discrimination by terminating his employment.

45.     Emco's retaliation against Brown violated Section 1981.

46.     As the direct result of Emco's violation of Section 1981, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 7 – ADA – Perception of Disability
### Hostile Environment

Paragraphs 1 through 19 are incorporated by reference.

47.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADA. 42 U.S.C. § 12111(4), (5).

48.     The ADA prohibits an employer from discriminating against an employee because the employee is regarded as having a disability. 42 U.S.C. § 12112(a).

49.     Emco discriminated against Brown by exposing him to a hostile environment at work because his supervisor mistakenly regarded him as having a disability, such as the inability to climb onto a forklift and to work.

50.     Emco's discrimination against Brown because his manager perceived him as having a disability violated the ADA.

51.     As the direct result of Emco's violation of the ADA, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 8 – ADA - Perception of Disability
### Termination

Paragraphs 1 through 19 are incorporated by reference.

52.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADA. 42 U.S.C. § 12111(4), (5).

53.     The ADA prohibits an employer from discriminating against an employee because the employee is regarded as having a disability. 42 U.S.C. § 12112(a).

54. Emco discriminated against Brown by firing him because his supervisor mistakenly regarded him as having a disability, such as the inability to climb onto a forklift and to work.

55. Emco's discrimination against Brown because his manager perceived him as having a disability violated the ADA.

56. As the direct result of Emco's violation of the ADA, Brown suffered loss of compensation, severe pain and suffering, humiliation and emotional distress.

### Count 9 – ADEA – Age
### Hostile Environment

Paragraphs 1 through 19 are incorporated by reference.

57. Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADEA. 29 U.S.C.§ 630(b), (f).

58. The ADEA prohibits an employer from discriminating against an employee because of the employee's age. 29 U.S.C.§ 623(a)(1).

59. Emco discriminated against Brown because of his age by exposing him to a hostile environment at work.

60. Emco's discrimination against Brown because of his age violated the ADEA.

61. As the direct result of Emco's violation of the ADEA, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 10 – ADEA – Age
### Termination

Paragraphs 1 through 19 are incorporated by reference.

62. Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADEA. 29 U.S.C.§ 630(b), (f).

8

63.     The ADEA prohibits an employer from discriminating against an employee because of the employee's age. 29 U.S.C.§ 623(a)(1).

64.     Emco discriminated against Brown because of his age by firing him.

65.     Emco's discrimination against Brown because of his age violated the ADEA.

66.     As the direct result of Emco's violation of the ADEA, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 11 – FMLA – Retaliation
### Termination

Paragraphs 1 through 19 are incorporated by reference.

67.     Emco was Brown's employer and Brown was Emco's eligible employee as those terms are defined by the FMLA. 29 U.S.C.§ 2611(2), (4).

68.     The FMLA prohibits an employer from interfering with or restraining the exercise or the attempt to exercise any right provided by the statute, such as taking a medical leave. 29 U.S.C. § 2615(a)(1).

69.     The FMLA also prohibits an employer from retaliating against an employee for exercising any FMLA right. 29 U.S.C. § 2615(a)(1), (2).

70.     The FMLA guaranteed Brown a twelve week leave for his cancer surgery. 29 U.S.C. § 2612(a)(1)(D).

71.     Emco, by its manager, forced Brown to return to work early from his FMLA leave by threatening to fire Brown.

72.     Emco terminated Brown's employment because he took an FMLA leave.

73.     Emco's termination of Brown's employment violated the FMLA.

74.     As the direct result of Emco's violation of the FMLA, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

9

Wherefore, plaintiff Jerome Brown requests the Court to enter judgment in his favor and against defendant Emco Chemical Distributors, Inc., and award him:

A.  Damages in the form of backpay for lost wages and benefits;

B.  Liquidated damages equal to the amount of his damages for backpay;

C.  Interest on the amount of backpay damages;

D.  Compensatory damages for pain and suffering, humiliation and emotional distress;

E.  Punitive damages;

F.  His attorneys' fees; and

G.  The costs of this action.

## Jury Demand

Plaintiff Jerome Brown demands a trial by jury.

> *s/ Andrew H. Haber*
> Dennis R. Favaro
> *dfavaro@favarogorman.com*
> Patrick J. Gorman
> *pgorman@favarogorman.com*
> Andrew H. Haber
> *ahaber@favarogorman.com*
> Favaro & Gorman, Ltd.
> 9510 Turnberry Trail
> Lakewood, Illinois 60014
> (815) 477-1110