## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JEROME BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **No. 25-cv-5433** |
| **v.** | ) |
| | ) **Honorable John J. Tharp** |
| **EMCO CHEMICAL DISTRIBUTORS,** | ) |
| **INC.,** | ) **Magistrate Judge Berry** |
| | ) |
| **Defendant.** | ) **Jury Trial Demanded** |

### AMENDED COMPLAINT

Plaintiff Jerome Brown, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, *et seq.* ("Title VII"); Section 1981, 42 U.S.C. § 1981 ("Section 1981"); the Americans

With Disabilities Act , 42 U.S.C. § 12101, *et seq.* ("ADA"); the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); the Family and Medical Leave Act, 29

U.S.C. § 2601, *et seq.* ("FMLA"); the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq*, and

common law principles of public policy retaliatory discharge, complains of his former employer

EMCO Chemical Distributors, Inc., for illegally discriminating against him by exposing him to a

hostile environment because: a) of his race, color, and age; b) management falsely perceived that

he suffered from a disability; and c) he took a protected leave of absence to have surgery; and by

firing him for taking a protected leave, for complaining about race discrimination, and for his

refusal to dump toxic chemicals into a drain flowing directly into Lake Michigan.

### Jurisdiction and Venue

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28

U.S.C. § 1343(a)(4) (civil rights); 42 U.S.C. § 1981(a) (damages, intentional discrimination in

employment); 42 U.S.C. § 2000e-5(f)(3) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C.

§ 626(b) (ADEA); and 29 U.S.C. 2617(a)(2) (FMLA).

2.     Venue in this district is appropriate pursuant to 28 U.S.C. § 1291(b)(1), (2) (venue generally); 42 U.S.C. § 1981(a) (damages, intentional discrimination in employment); 42 U.S.C. § 2000e-5(f)(3) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(b) (ADEA); and 29 U.S.C. 2617(a)(2) (FMLA).

### Parties

3.     Plaintiff Jerome Brown is a former employee of defendant Emco Chemical Distributors, Inc.

4.     Defendant Emco is an Illinois corporation doing business in North Chicago and Pleasant Prairie, Kenosha County, Wisconsin, among other locations.

### Procedural Prerequisites

5.     Brown filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission on August 12, 2024. A copy of his charge is attached as Exhibit 1.

6.     The EEOC issued a Notice of Right to Sue to Brown on February 19, 2025. Exhibit 2.

### Brown Is Scheduled For Surgery And His Manager Harasses Him

7.     Emco gathers, mixes, stores, and distributes chemical products to businesses in several different industries, as well as providing packaging, labeling, environmental and other commercial services. It is one of the largest chemical distribution companies in the U.S., enjoying at least $400 million in annual sales and employing more than 400 individuals.

8. Brown was employed by defendant Emco Chemical Distributors as a Wastewater Technician in its North Chicago, Lake County, Illinois facility, from April 2021 until October 24, 2023. Brown is a Black, African American man, and in October 2023 he was 65 years old.

9. Brown was scheduled for surgery to remove a cancerous prostate on May 29, 2023.

10. After Brown disclosed he had cancer and needed surgery, his manager, Alex, discouraged him from returning to employment after his anticipated period of recovery because of Brown's age and because Alex believed that Brown would not be able to climb on and off a forklift, a function of his job.

11. Brown took an approved medical leave of absence for his surgery.

12. A week after Brown's surgery, Alex told him by phone that Brown needed to return to work, or Alex would replace him.

13. Brown returned early from his medical leave in order to protect his job.

**Emco's Manager Hurls Racial Slurs At Brown; Brown Complains And Emco Fires Him**

14. Alex made ageist and racist remarks to Brown before and after his surgery.

15. On at least three or four occasions Alex told Brown: "get your Black ass over here" and made comments such as "you people ...."

16. At first, Brown believed that Alex was simply making unprofessional, insensitive comments or jokes, but when his discriminatory behavior towards Brown continued, Brown became more offended, and complained directly to his immediate superior, Robert O'Brien, about the way Alex was treating him..

17. O'Brien told Brown that they would have a meeting to address his concerns, but instead, once the meeting was held its purpose was to give Brown more work.

3

18. In approximately early October 2023 Brown complained about the racial remarks Alex directed at him.

19. A meeting was then scheduled for Brown, Emco's Director of Safety and Health, and another manager, but instead, Emco fired Brown before the meeting could take place.

### Brown Refused To Illegally Dump Toxic Chemicals Into A Storm Drain

20. Brown was certified by the Illinois Environmental Protection Agency as an industrial level, Class K wastewater operator.

21. Brown's significant amount of training and experience enabled him to earn his certification.

22. Approximately two weeks before Emco fired him, Brown's supervisor, Alex, ordered him to dump a container of wastewater into a storm drain.

23. Brown tested the water, and knew that it still contained toxins.

24. Dumping the toxic water into the storm drain would have been illegal, and Brown believed doing so would jeopardize his EPA certification.

25. Further, Brown knew that the storm drain emptied into a creek which emptied into Lake Michigan, roughly two miles away.

26. Brown refused to empty the container into the storm drain.

27. Alex berated Brown, yelling "Why can't your black ass do what I tell you?"

28. Both the U.S. EPA and the Illinois previously found Emco responsible for the illegal release of toxic chemicals into the environment, including into that same creek which empties into Lake Michigan.

### Count 1 – Title VII – Race/Color
### Hostile Environment

Paragraphs 1 through 28 are incorporated by reference.

4

29.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

30.     Title VII prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 2000e-2(a)(1).

31.     Emco discriminated against Brown because of his race and his color by exposing him to a hostile environment at work.

32.     Emco's discrimination against Brown because of his race and color violated Title VII.

33.     As the direct result of Emco's violation of Title VII, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 2 – Title VII – Race/Color
### Termination

Paragraphs 1 through 28 are incorporated by reference.

34.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

35.     Title VII prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 2000e-2(a)(1).

36.     Emco discriminated against Brown because of his race and his color by terminating his employment.

37.     Emco's discrimination against Brown because of his race and color violated Title VII.

38.     As the direct result of Emco's violation of Title VII, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 3 – Title VII – Retaliation
### Termination

Paragraphs 1 through 28 are incorporated by reference.

39.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by Title VII. 42 U.S.C. § 2000e(b), (f).

40.     Title VII prohibits an employer from retaliating against an employee because the employee complained about illegal discrimination. 42 U.S.C. § 2000e-2(a)(1).

41.     Emco retaliated against Brown because he complained about Alex's illegal discrimination by terminating his employment.

42.     Emco's retaliation against Brown violated Title VII.

43.     As the direct result of Emco's violation of Title VII, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 4 – Section 1981 – Race/Color
### Hostile Environment

Paragraphs 1 through 28 are incorporated by reference.

44.     Section 1981 prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 1981.

45.     Emco discriminated against Brown because of his race and his color by exposing him to a hostile environment at work.

46.     Emco's discrimination against Brown because of his race and color violated Section 1981.

47.     As the direct result of Emco's violation of Section 1981, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 5 – Section 1981 – Race/Color
### Termination

Paragraphs 1 through 28 are incorporated by reference.

48.     Section 1981 prohibits an employer from discriminating against an employee because of the employee's race or color. 42 U.S.C. § 1981.

49.     Emco discriminated against Brown because of his race and his color by terminating his employment.

50.     Emco's discrimination against Brown because of his race and color violated Section 1981.

51.     As the direct result of Emco's violation of Section 1981, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 6 – Section 1981 – Retaliation
### Termination

Paragraphs 1 through 28 are incorporated by reference.

52.     Section 1981 prohibits an employer from retaliating against an employee because the employee complained about illegal discrimination. 42 U.S.C. § 1981.

53.     Emco retaliated against Brown because he complained about Alex's illegal discrimination by terminating his employment.

54.     Emco's retaliation against Brown violated Section 1981.

55.     As the direct result of Emco's violation of Section 1981, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 7 – ADA – Perception of Disability
### Hostile Environment

Paragraphs 1 through 28 are incorporated by reference.

7

56. Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADA. 42 U.S.C. § 12111(4), (5).

57. The ADA prohibits an employer from discriminating against an employee because the employee is regarded as having a disability. 42 U.S.C. § 12112(a).

58. Emco discriminated against Brown by exposing him to a hostile environment at work because his supervisor mistakenly regarded him as having a disability, such as the inability to climb onto a forklift and to work.

59. Emco's discrimination against Brown because his manager perceived him as having a disability violated the ADA.

60. As the direct result of Emco's violation of the ADA, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 8 – ADA - Perception of Disability
### Termination

Paragraphs 1 through 28 are incorporated by reference.

61. Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADA. 42 U.S.C. § 12111(4), (5).

62. The ADA prohibits an employer from discriminating against an employee because the employee is regarded as having a disability. 42 U.S.C. § 12112(a).

63. Emco discriminated against Brown by firing him because his supervisor mistakenly regarded him as having a disability, such as the inability to climb onto a forklift and to work.

64. Emco's discrimination against Brown because his manager perceived him as having a disability violated the ADA.

8

65.     As the direct result of Emco's violation of the ADA, Brown suffered loss of compensation, severe pain and suffering, humiliation and emotional distress.

### Count 9 – ADEA – Age
### Hostile Environment

Paragraphs 1 through 28 are incorporated by reference.

66.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADEA. 29 U.S.C.§ 630(b), (f).

67.     The ADEA prohibits an employer from discriminating against an employee because of the employee's age. 29 U.S.C.§ 623(a)(1).

68.     Emco discriminated against Brown because of his age by exposing him to a hostile environment at work.

69.     Emco's discrimination against Brown because of his age violated the ADEA.

70.     As the direct result of Emco's violation of the ADEA, Brown suffered severe pain and suffering, humiliation and emotional distress.

### Count 10 – ADEA – Age
### Termination

Paragraphs 1 through 28 are incorporated by reference.

71.     Emco was Brown's employer and Brown was Emco's employee as those terms are defined by the ADEA. 29 U.S.C.§ 630(b), (f).

72.     The ADEA prohibits an employer from discriminating against an employee because of the employee's age. 29 U.S.C.§ 623(a)(1).

73.     Emco discriminated against Brown because of his age by firing him.

74.     Emco's discrimination against Brown because of his age violated the ADEA.

75.     As the direct result of Emco's violation of the ADEA, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 11 – FMLA – Retaliation
### Termination

Paragraphs 1 through 28 are incorporated by reference.

76.     Emco was Brown's employer and Brown was Emco's eligible employee as those terms are defined by the FMLA. 29 U.S.C.§ 2611(2), (4).

77.     The FMLA prohibits an employer from interfering with or restraining the exercise or the attempt to exercise any right provided by the statute, such as taking a medical leave. 29 U.S.C. § 2615(a)(1).

78.     The FMLA also prohibits an employer from retaliating against an employee for exercising any FMLA right. 29 U.S.C. § 2615(a)(1), (2).

79.     The FMLA guaranteed Brown a twelve week leave for his cancer surgery. 29 U.S.C. § 2612(a)(1)(D).

80.     Emco, by its manager, forced Brown to return to work early from his FMLA leave by threatening to fire Brown.

81.     Emco terminated Brown's employment because he took an FMLA leave.

82.     Emco's termination of Brown's employment violated the FMLA.

83.     As the direct result of Emco's violation of the FMLA, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 12 – Illinois Whistleblower Act – Retaliation
### Termination

Paragraphs 1 through 28 are incorporated by reference.

84.     The Whistleblower Act prohibits an employer from taking retaliatory action against an employee for refusing to participate in an activity that the employee has a good faith belief that such participation would result in a violation of a State or federal law, rule, or regulation. 740 ILCS 174/20.

85.     Brown had a good faith belief that dumping toxic wastewater into a storm drain which led directly to Lake Michigan was illegal. Generally, federal Clean Water Act, 33 U.S.C. §1161, *et seq.*; Illinois Environmental Protection Act. 415 ILCS 5/1, *et seq.*; 35 Ill. Admin. Code 352.100, *et seq.*.

86.     Emco fired Brown because he refused to dump toxic wastewater into a storm drain leading to Lake Michigan.

87.     By firing Brown because of his refusal to dump toxic wastewater into the drain, Emco violated the Whistleblower Act.

88.     As the direct result of Emco's violation of the Whistleblower Act, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

### Count 13 – Illinois Public Policy Retaliatory Discharge Termination

Paragraphs 1 through 28 are incorporated by reference.

89.     A clearly mandated public policy of the State of Illinois and United States of America is that no one should discharge toxins into public sources of drinking water. Generally, federal Clean Water Act, 33 U.S.C. §1161, et seq.; Illinois Environmental Protection Act. 415 ILCS 5/1, et seq.; 35 Ill. Admin. Code 352.100, et seq..

90.     Lake Michigan is the primary source of drinking water for many communities along its shoreline as well as inland, both in Illinois and other states.

91.     It is a violation of Illinois public policy to terminate the employment of an employee for his refusal to dump toxic wastewater into a storm drain that empties into a creek, which in turn flows into Lake Michigan, the primary source of drinking water for millions of people.

92.     Emco terminated Brown because he refused to dump toxic wastewater into that storm drain.

93.     Emco's termination of Brown violated a clearly mandated public policy of the State of Illinois.

94.     As the direct result of Emco's violation of public policy, Brown suffered lost compensation, severe pain and suffering, humiliation and emotional distress.

Wherefore, plaintiff Jerome Brown requests the Court to enter judgment in his favor and against defendant Emco Chemical Distributors, Inc., and award him:

A.     Damages in the form of backpay for lost wages and benefits;

B.     Liquidated damages equal to the amount of his damages for backpay;

C.     Interest in the amount of 9% per month on the amount of his backpay damages;

D.     Additional liquidated damages in the amount of $10,000;

E.     A civil penalty of $10,000;

F.     Compensatory damages for pain and suffering, humiliation and emotional distress;

G.     Punitive damages;

H.     His attorneys' fees; and

I.     The costs of this action, including expert witness fees.

## Jury Demand

Plaintiff Jerome Brown demands a trial by jury.

*s/ Dennis R. Favaro*
One of Plaintiff's Attorneys

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patrick J. Gorman
*pgorman@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
(815) 477-1110

13

# EEOC Received 08-12-2024

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☑ EEOC | 440-2024-11099 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(indicate Mr., Ms, or Mrs.)*<br>Mr. Jerome Brown | HOME TELEPHONE *(include area code)*<br>(224) 419-8323 | |
|---|---|---|
| STREET ADDRESS    CITY, STATE AND ZIP CODE<br>38703 W. Sheridan Road, Lot 90, Beach Park, Illinois 60099 | | DATE OF BIRTH<br>4/3/1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(if more than one list below.)*

| NAME EMCO Chemical Distributors, Inc. | NUMBERS OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (Include Area Code)<br>(847) 689-2200 | |
|---|---|---|---|
| STREET ADDRESS    CITY, STATE AND ZIP CODE<br>2100 Commonwealth Avenue, North Chicago, Illinois 60064 | | | COUNTY<br>Cook |
| NAME | | TELEPHONE NUMBER *(Include area code)* | |
| STREET ADDRESS    CITY, STATE, AND ZIP CODE | | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| ☑ RACE  ☑ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br><br>☑ RETALIATION  ☑ AGE  ☑ DISABILITY  ☐ OTHER (SPECIFY) | 2023 -  October 24, 2023<br>☑ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet (s))*:

** See Attached Addendum**

| ☑ I also want this charge filed with the Illinois Department of Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedure. | NOTARY (Necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that is true to the best of my knowledge, information and belief. |
| *Jerome Brown* 08-12-24<br>I declare under penalty of perjury that the foregoing is true and correct. | *Jerome Brown*  08-12-24<br>SIGNATURE OF COMPLAINANT    DATE |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month, and year) |
| Notary Signature & Stamp | |

**EXHIBIT**

tabbies

1

# EEOC Received 08-12-2024

**Jerome Brown v. EMCO Chemical Distributors, Inc.**

I.      I was employed by Respondent from April 2021 until I was terminated on or about October 24, 2023. I worked as a Wastewater Technician.

II.     Throughout the entirety of my employment, I met Respondent's reasonable expectations for performance and conduct.

III.    The reason I was given for termination was that I caused damage to property.

IV.     I believe I was terminated for discriminatory and retaliatory reasons and that the stated reason, damage to property, is an excuse underlying unlawful motivations.

V.      Approximately two weeks prior to my termination, I complained about my Manager's racial remarks made towards me. I am African-American, and my color is Black.

VI.     On at least three or four occasions prior to my termination, this Manager would tell me "to get your Black ass over here" and would make comments such as "you people ....". I initially believed that this Manager was simply making unprofessional, insensitive comments or jokes. When his behavior towards me continued, I became more offended and decided to complain directly to my immediate superior about the way the manager was treating me.

VII.    A meeting was scheduled with the Director of Safety and Health and another Manager about my complaints relating to the hostile work environment to which I was being subjected. That meeting did not take place, as I was terminated prior.

VIII.   On May 29, 2023, I had surgery to remove a cancerous prostrate. After disclosing my cancer condition and need for surgery to Respondent, my manager discouraged me from returning to employment following an anticipated period of recovery because of my age (65 years old at the time) and his belief I would not be able to climb up and down a forklift, which was a function of my job. He made ageist remarks to me prior to and after my surgery.

IX.     I believe I have been subjected to a hostile work environment based on my race, color, age and disability, discriminated against on the basis of my race, color, age and disability and retaliated against, culminating in the termination of my employment, and for engaging in legally-protected communication, all of which are violations of Title VII of the Civil Rights Act of 1964, as amended, and the Illinois Human Rights Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/19/2025

**To:** Jerome Brown
38703 W. Sheridan Rd Lot 90
Beach Park, IL 60099
Charge No: 440-2024-11099

EEOC Representative and email:    AMY YALCIN
Investigator
amy.yalcin@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-11099.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
02/19/2025

Amrith Kaur Aakre
District Director



EXHIBIT

tabbies

2

Cc:
Nicole Druckrey
EMCO Chemical Distributors, Inc.
8601 95th Street
Pleasant Prairie, WI 53158

Dennis Favaro
Favaro & Gorman LTD
9510 Turnberry Trail
Village Of Lakewood, IL 60014

Please retain this notice for your records.

## CERTIFICATE OF SERVICE

I, Nicola Michel, a non-attorney, hereby certify that on July 15, 2025, I presented an *Amended Complaint* for filing and uploading to the CM/ECF System which will send notification of such filing to the following:

Julie A. Proscia
Laurie I. Smigielski
Amundsen Davis, LLC.
3815 East Main Street
Suite A-1
St. Charles, Illinois 60174
JProscia@amundsendavislaw.com
lsmigielski@amundsendavislaw.com

Nicola Michel

Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014